**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Tia O'Connor and Jose Hilario Sacayon Garcia,
Defendants,

Of whom Tia O'Connor is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2021-000250

———————

Appeal From Laurens County
Matthew P. Turner, Family Court Judge

———————

Unpublished Opinion No. 2021-UP-307
Submitted August 16, 2021 – Filed August 24, 2021

———————

**AFFIRMED**

———————

Heather Vry Scalzo, of Byford & Scalzo, LLC, of
Greenville, for Appellant.

Rosemerry Felder-Commander, of the South Carolina
Department of Social Services, of Laurens, for
Respondent.

Marcus Wesley Meetze, of Law Office of Marcus W. Meetze, LLC, of Simpsonville, for the Guardian ad Litem.

———————————

**PER CURIAM:**  Tia O'Connor appeals the family court's order allowing the Department of Social Services (DSS) to retain custody of her minor child and authorizing DSS to forego reasonable efforts at reunification.  *See* S.C. Code § 63-7-1700(D) (Supp. 2020) (setting forth situations in which the family court may return a child to a parent's home following removal); S.C. Code Ann. § 63-7-1640(C) (Supp. 2020) (setting forth situations in which the family court may authorize DSS to forego reasonable efforts at family reunification).  Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987),[1] we find no meritorious issues warrant briefing.  Accordingly, we affirm the family court's ruling and relieve O'Connor's counsel.

**AFFIRMED.**[2]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

———————————

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations when "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.